(56 Misc. Rep. 140.)

MORETTE v. BOSTWICK.

(Supreme Court, Trial Term, New York County.   October, 1907.)

1. JUDGMENT—RES JUDICATA—PARTIES BOUND.

A judgment by default is conclusive between the parties, and binds an indemnitor who had notice of the action, with opportunity to defend.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1224.]

**2. SAME.**

At the time of the execution of a deed with general covenants the grantor was living apart from his wife under a valid separation agreement, and on delivery of the deed the grantee received a release from the wife of her dower, together with a release executed by the trustee created under the separation agreement. A subsequent grantee, not knowing of the release under the separation agreement, found that there was an outstanding dower right claim in favor of the original grantor's wife, which he purchased, and sued the original grantee to recover the amount paid therefor and counsel fees. *Held* that, on failure of the latter to defend, his grantee could recover against the original grantor, who had knowledge of the action, the amount of the judgment recovered with costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1224.]

Action by Joseph Morette against James A. Bostwick. Judgment for plaintiff.

James P. Davenport, for plaintiff.

Thompson, Vanderpoel & Freedman (Fredk. Thompson, of counsel), for defendant.

ERLANGER, J. This action was tried before me without a jury; the parties having stipulated that all questions of law and fact be determined by me. Judgment is demanded against the defendant upon the following facts: On August 7, 1885, the defendant by deed containing the usual covenants and warranty of title conveyed to the plaintiff in fee the premises described in the complaint. It was expressly covenanted that the premises were then free and clear of all incumbrances whatsoever. At the time of the execution of such deed the defendant was living apart from his wife in virtue of an agreement of separation bearing date November 1, 1884. To this agreement one Benoist J. Cox was made trustee for the defendant's wife, and by its terms she released her dower in any real estate then owned by the defendant, including the premises in question. She further obligated herself by said instrument to execute a release of her right to dower to her said trustee, and the latter agreed to execute such release of dower as might be required. Contemporaneous with the execution of the articles of separation the defendant and his wife executed to said trustee a release of dower in the premises in question, and at the time of the delivery to the plaintiff of his deed he received the release of dower last mentioned, together with one executed by said trustee, and all these documents were together recorded in the office of the register of this county. On February 1, 1889, plaintiff, by deed containing the same covenants as were specified in the deed to him, conveyed the premises to one Alexander Lyle; and the last-named grantee, in March, 1890, conveyed the premises to his wife, Eliza Sidney Lyle. In January, 1905, Mrs. Lyle died; and by her will, which was admitted to probate, she devised the said premises to her husband, said Alexander Lyle, as trustee for the purposes therein mentioned. Subsequently it was attempted by Lyle to continue a mortgage for $14,500, held by the New York Life Insurance & Trust Company, and that company notified Lyle that there was a defect in the title, in that there was an outstanding dower right in favor of defendant's wife, who was then and is now living. The attorneys for the defendant were

communicated with on the subject, but apparently without satisfactory results. The insurance company claimed that the two releases of dower, executed, respectively, by the defendant's wife to Cox, her trustee, and the one by the latter to the plaintiff, were ineffectual to legally extinguish such dower right; and it insisted on calling in the loan unless this alleged cloud upon the property was at once removed. Thereupon, to protect the title, Mr. Lyle caused negotiations to be opened with the defendant's wife, and $1,000 was paid to her (although the actuarial value of the right was but $300), for which sum she executed a document releasing her alleged right to dower in the property. In addition to this amount, $125 was paid to counsel for his services in procuring such release. To recover these two sums Lyle, in October, 1905, brought an action in this court against the plaintiff, to which an answer was interposed. In December, 1906, a written notice was served upon the defendant herein to defend said action, and it was therein stated that, in the event of his failure so to do, he would be held liable for any damages that might be recovered or paid by reason of his warranty contained in his deed to the plaintiff. This notice was ignored, and subsequently, and on December 17, 1906, judgment was rendered in said action for $1,354.60, which plaintiff paid, less $30. In addition to paying $1,324.60, plaintiff contends that he was subjected to the expense of $50 for attorney's fees in said last-named action, and the sum of $1,374.60 is now sought to be recovered from the defendant.

For his defense the defendant relies upon the two releases of dower referred to above, which it is claimed were known both to plaintiff and to Lyle; and, further, it is alleged in the answer that it was known to both of them that the right of dower of the defendant's wife had been released, and that she could not demand the payment of the sum of $1,000, or any other sum, as and for a release of her pretended inchoate right of dower. The answer also alleges that on April 25, 1890, the defendant procured a divorce from his wife in the state of Texas dissolving said marriage; that in such action the wife was personally served and voluntarily appeared; and that the decree so granted extinguished the right of dower in said premises.

In my view of the case, none of the defenses is available in this action. The divorce was granted for cruel and inhuman treatment; and, under the laws of our state, the right to dower is not barred by such a decree. Van Cleaf v. Burns, 133 N. Y. 540, 30 N. E. 661, 15 L. R. A. 542. It may be that the dower right was extinguished by the articles of separation, whereby a pecuniary provision in lieu of dower was made and accepted by her (Rev. St. [1st Ed.] pt. 2, c. 1, tit. 3, § 12; Witthaus v. Schack, 105 N. Y. 332, 11 N. E. 649), the evidence establishing that more than one-half of the husband's estate was conveyed to her; and the long period of time which elapsed since the execution of the deed of separation, without objection on her part, may be held to have been an election by her to accept the pecuniary provision in her favor (Jones v. Fleming, 104 N. Y. 432, 10 N. E. 693). The difficulty, however, with the defendant's position, is that, in an action brought in this court, and referred to above, judgment was entered against the plaintiff in favor of his grantee (Lyle), but not before notice of the pend-

ency of that action was brought to defendant's attention, by which he was requested to defend, to which notice, as shown, no heed was paid. It is settled law that a covenant against incumbrances runs with the land to the last grantee (Geiszler v. De Graaf, 166 N. Y. 339, 59 N. E. 993, 82 Am. St. Rep. 659) ; and so it is equally settled that a quitclaim deed is sufficient to pass along the covenant running with the land (Jenks v. Quinn, 137 N. Y. 223, 33 N. E. 376; Uihlein v. Matthews, 172 N. Y. 154, 64 N. E. 792). The relation created by the respective grantors under their covenants was in effect that of indemnitor, and it is under this doctrine that the judgment in the Lyle action is claimed to be conclusive as against the defendant in this action; and so it is asserted that, whatever defenses may have existed or now exist, all are merged in such judgment. This view of the law as an abstract proposition is not challenged by the defendant, as I understand it; but the judgment is attacked and claimed to be inadmissible because it purports to have been entered upon consent, and, broadly, the claim is made that such a judgment cannot bind one who stands in the position of a surety. The judgment as amended shows on its face that it was entered by default after proof made by the plaintiff in that action. A judgment by default is conclusive between the parties thereto and their privies and effectually binds an indemnitor who had notice of the action with an opportunity to defend the same. Conner v. Reeves, 103 N. Y. 527–532, 9 N. E. 439.

There is no question in this case of fraud or collusion in the procurement of the judgment. I am of the opinion that the judgment as amended was receivable in evidence, and all existing defenses are merged therein. It was not incumbent upon the plaintiff to defend the Lyle action and contest the entry of judgment against him. Jackson v. Marsh, 5 Wend. 44. It is not clear what defense he could have interposed. He was ignorant of the existence of the separation deed; and, indeed, there is no evidence to establish knowledge of any kind on his or on Mr. Lyle's part. This was not the case with the defendant in this action. He possessed all the information necessary to defeat the Lyle action, if he had availed himself of the notice served upon him to defend the same; but he chose to ignore such notice and take his chances in an independent action, if one should be brought against him. This dilemma has now been met, and he finds himself confronted with a judgment which binds him as effectually as if he had been named therein. The law on the subject is clear. In Village of Port Jervis v. First National Bank, 96 N. Y. 550, the rule was declared by Chief Justice Ruger as follows:

"But if the party who is ultimately responsible has notice of the pendency of an action against his indemnitee, and is given an opportunity to defend, and neglects it, he is still bound by the result of the action, and estopped from controverting, in an action subsequently brought against him by such indemnitee, the facts which were litigated in the original action."

In Cornell v. Travelers' Insurance Company, 175 N. Y. 253, 67 N. E. 583, it was said:

"The general rule seems to be that where one party, either by express contract or by a rule of law, is obliged to indemnify another against some liability, if the party indemnified gives notice to his indemnitor of the institu-

tion·of an action against him for such liability, the indemnitor is concluded by the recovery of the judgment against .the party indemnified. There are numerous cases in this state supporting this doctrine."

In 11 Cyc. 1106, the rule is stated as follows:

"A covenantor to whom due notice has been given to come in and defend an action against his covenantee involving the title of the land conveyed, in which judgment is rendered adversely to the covenantee, is in a subsequent action on his covenant concluded by such judgment, and is estopped to deny its regularity and justice."

See, also, 11 Cyc. 1157.

If the judgment exceeds the true value of the dower right, the defendant is solely to blame; and what was said by the Court of Appeals in the most recent authority on the subject is applicable here. In Olmstead v. Rawson, 188 N. Y. 517, 522, 81 N. E. 456, 457, the court through Hiscock, J., said:

"It would appear that her dower right has been fixed at a larger sum than was proper. But, whether this ·is so or not, we think that appellant should be bound by the judgment in the dower action in respect to this item, and that neither legally nor equitably is he entitled to any relief in respect thereto. He had full notice of the commencement of the action and was properly requested to defend the same, and having seen fit to ignore the action, with the covenants of warranty and quiet possession outstanding against him, he is not entitled to any particular sympathy if a judgment has been rendered which is unduly unfavorable to him."

I am not unmindful of the apparent hardship which this finding imposes upon the defendant; but, with the judgment binding upon the court, there was no way of escaping the conclusion reached by me. But the position of the plaintiff is not to be overlooked. In making the payment to clear what appeared on the face of the records to be a cloud upon the title, Lyle, the then owner, was led so to do because of his ignorance of the existence of the separation deed. Before the money was paid, however, inquiry was made of defendant's counsel in respect of this dower right, but no definite information was vouchsafed. The title company, examining the title for the purpose of making a loan on the property, was informed that:

"It is not part of Mr. Morette's business to clear away alleged defects in a title for the purpose of enabling your company to make a loan thereon. When Mrs. Bostwick has made good her alleged claim to dower, which we insist was properly and effectually canceled and released more than 19 years ago, it will be time enough to look to Mr. Morette on his warranty."

Again the title company was advised, in a subsequent letter written by the defendant's counsel:

"We are authorized by Mr. Morette to state that he declines to take any steps whatever to purchase or adjust the said alleged dower rights."

Neither of these letters states that the dower had been released by the acceptance of a pecuniary provision in lieu thereof. The parties were kept in ignorance of this situation; and thereupon, speedy action being required, Mr. Lyle had either to clear what appeared to the title company to be a defect in the title or pay the mortgage loan. He chose the former, as perhaps the easiest method, and procured from the defendant's wife a release of her dower. Thereupon, as already indicated, he brought an action and recovered judgment against the plaintiff; and when this action was brought plaintiff for the first time

learned of the separation agreement. It seems to me the fault is all on the defendant's side. Had he defended the action, which he was invited to do, all questions which he seeks to raise in this action could have been determined, and both parties would have been fully protected in their rights.

Plaintiff is entitled to recover $1,324.60, the amount of the Lyle judgment against him, with costs of this action.

Ordered accordingly.