## MORETTE v. BOSTWICK.

(Supreme Court, Appellate Division, First Department.   July 8, 1908.)

1. COVENANTS—BREACH—WARRANTY—NOTICE TO COVENANTOR—FORM.

Where the grantee in a warranty deed is sued on a covenant contained in a subsequent deed executed by him, the notice of the pendency of such action, required to be given to the original grantor in order to hold him as indemnitor, need not be in writing, or in any particular form; but it is sufficient if it fully and fairly informs such grantor that an action has been commenced involving a breach of the warranty.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 99.]

2. SAME—SUFFICIENCY OF NOTICE.

Whether, in such a case, sufficient notice has been given, is not governed by any fixed or arbitrary rule, but depends upon the facts and circumstances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 99.]

3. SAME—TIME OF NOTICE.

In such case, the grantee must give the grantor such notice of the commencement of the action as will afford him a reasonable opportunity, not only to participate in the trial, but to shape the issues and prepare for trial, and a notice given one day before the day on which the case was to be tried was insufficient.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 99.]

4. SAME — ACTIONS FOR BREACH — EVIDENCE — JUDGMENT RECOVERED AGAINST COVENANTEE—EFFECT AS TO COVENANTOR.

In such case a judgment recovered against the grantee, without sufficient notice to the grantor to give him a reasonable opportunity to defend the action, is not conclusive on him, but furnishes, at most, only presumptive evidence of his liability, and any defense which he could have made, had he been a party to the action, is available to him in defense of an action against him by the grantee, having paid the judgment, for the amount thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, §§ 222, 223.]

Appeal from Trial Term.

Action by Joseph Morette against James A. Bostwick. From a judgment (56 Misc. Rep. 140, 106 N. Y. Supp. 1102) for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Henry Thompson, for appellant.
John S. Davenport, for respondent.

McLAUGHLIN, J.   The complaint charges that in August, 1885, the defendant conveyed certain real estate to the plaintiff by full-covenant warranty deed; that plaintiff, in February, 1889, by a similar deed, conveyed the same premises to one Alexander Lyle; that Lyle, in March, 1890, conveyed the same to his wife, who died in January, 1905, and by her will devised the same to her husband as trustee; that at the time of the making and delivery of the first deed mentioned the premises were subject to an inchoate right of dower of Harriet L. Bostwick, the defendant's wife; that in 1904 Mrs. Lyle notified her grantor, this plaintiff, of the fact that Mrs. Bostwick had an inchoate right of dower in the land referred to, and demanded that he procure its extinguishment, which he neglected to do, and thereupon Lyle, in April, 1905, did so at an expense of $1,125, and in October following brought an action against Morette to recover the amount thus paid, with interest; that Morette interposed an answer, which put in issue the allegations of the complaint, and on December 13, 1906, gave the defendant in this action notice of the pendency of that action and requested him to defend the same; that he did not defend, and on the 17th of December, 1906, judgment was rendered against Morette for such amount, with interest, which he paid, and he then commenced this action to recover the same from the defendant.   The answer admitted the execution and delivery of the deed of conveyance by the defendant, the receipt of a notice at the time alleged requiring him to defend the action brought by Lyle, and that he did not do so, and denied the other material allegations of the complaint.   It then set up certain facts to the effect that Mrs. Bostwick did not have an inchoate right of dower in the lands referred to at the time of the conveyance by the defendant to the plaintiff, or at the time of the payment alleged to have been made to her.   At the trial the plaintiff introduced in evidence the judgment recovered by Lyle against him, and this the trial court held "was conclusive upon the defendant in this action," and accordingly directed judgment in favor of the plaintiff for the amount claimed. The conclusion thus reached was based upon the authority of Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550, Cornell v. Travelers' Ins. Co., 175 N. Y. 239, 67 N. E. 578, Olmstead v. Rawson, 188 N. Y. 517, 81 N. E. 456, and other authorities.

There is no doubt about the general rule that where one party is obligated to indemnify another against some liability, if the party indemnified gives notice to the indemnitor of the commencement of an action against him to enforce such liability, and gives him a reasonable opportunity to defend the same, then the indemnitor is concluded by the recovery of a judgment against the party indemnified.   In order to make this rule applicable, however, notice of the commencement of the action must not only be given; but it must be given at such a time that the party receiving it has "a reasonable opportunity" to defend. This means that he must be given an opportunity not only to participate in but also to shape the issues and prepare for trial.   This is the purpose of the notice.   It need not be in any particular form, or in writing, but must be such as to fully and fairly inform the party of the claim and that an action has been commenced for its enforcement. If he then neglects and refuses to make any defense, the judgment will

bind him as fully as though he were a formal party to the action. Whether sufficient notice has been given is not governed by any fixed or arbitrary rule, but depends upon the facts and circumstances of each case. Oceanic Steam Navigation Co. v. Campania Transatlantica Espanola, 144 N. Y. 663, 39 N. E. 360. Here the notice was not given until December 13, 1906, and it was to the effect that the action would be tried on the following day. This was not a sufficient notice. It accomplished no purpose whatever, because it did not afford the defendant "a reasonable opportunity" to defend, and for that reason he was justified in paying no attention to it. The judgment which was then taken against this plaintiff was not conclusive on this defendant. It furnished, at most, only presumptive evidence of defendant's liability, and therefore any defense which he could have originally made, had he been a party to the action brought by Lyle against the plaintiff, was available in this action. He had a right to show that that judgment was not founded upon any legal liability; in other words, that Mrs. Bostwick, at the time the money was paid to her, did not have an inchoate right of dower in the premises referred to in the complaint. He had a right to contest that question upon the merits. This was denied him at the trial, and for that reason the judgment must be reversed.

The judgment appealed from is reversed, and a new trial ordered, with costs to appellant to abide event. All concur.