### SHALET v. STOLOFF et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1909.)

1. COVENANTS (§ 121*)—INCUMBRANCES—BREACH—SUMMARY PROCEEDINGS—ORDER AS EVIDENCE.

In an action by a grantee for breach of a covenant against incumbrances, namely, a lease not assumed by the grantee, proof of a final order in summary proceedings by the grantee against the tenant under the lease dismissing the proceedings is prima facie, but not conclusive, evidence of the right of the tenant to occupy the premises, where the grantor was not notified of the proceedings or given permission to take charge of them.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 221–223; Dec. Dig. § 121.*]

2. COVENANTS (§ 122*)—INCUMBRANCES—BREACH—SUFFICIENCY OF EVIDENCE.

In an action for breach of a covenant against incumbrances, namely, a lease not assumed by the grantee, in which it was attempted to be shown that the present occupant was assignee of a tenant of a former owner of the premises who had given an option to renew, evidence *held* insufficient to show that the occupant had any rights under the lease so as to create an incumbrance against the title granted.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 224; Dec. Dig. § 122.*]

3. APPEAL AND ERROR (§ 882*)—REVIEW—INDUCED ERROR.

Error induced by counsel for the party complaining is not available on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

4. COVENANTS (§ 111*)—RIGHT OF ACTION FOR BREACH—EFFECT OF CONVEYANCE BY GRANTEE.

Where a grantee has a cause of action for breach of a covenant against incumbrances, and then conveys subject to the incumbrance, the cause of action remains in the first grantee and does not inure to the benefit of the second grantee.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 186; Dec. Dig. § 111.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
　　Where evidence is received to support a defense, and the defense is
　thereafter ignored by the court, any error in the reception of the evidence
　is harmless.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–
　4177; Dec. Dig. § 1052.*]

Appeal from Trial Term, New York County.

Action by Paul Shalet against Julius Stoloff and another. From a judgment for defendants and from an order denying plaintiff's motion for a new trial, plaintiff appealed. Affirmed.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, Mc-LAUGHLIN, and SCOTT, JJ.

Max D. Steuer, for appellant. ·

Abram S. Jaffer, for respondents.

LAUGHLIN, J. It was not entirely clear from the allegations of the complaint as originally served whether this action was brought for damages for misrepresentations with respect to incumbrances on premises situate on the northeasterly corner of Rivington and Lewis streets in the Twelfth ward of the city of New York, purchased by the plaintiff from the defendant, or for a breach of covenant against incumbrances contained in the deed; but upon the trial the plaintiff elected to amend the complaint and make it clear that the action was one for a breach of the covenant against incumbrances. The alleged breach of covenant was with respect to the corner store on the ground floor of a five-story building on the premises; it being alleged that there was a valid outstanding lease thereon for three years from May 1, 1905, and that the conveyance was not made subject thereto. The conveyance was made by the defendants, their wives joining with them, to the plaintiff on the 17th day of April, 1906. It was made subject to certain mortgages, and contained a covenant that the premises were otherwise free from incumbrances.

At the time of the conveyance, a store on the ground floor of the premises was occupied by one Jacob Ettenberg. After taking possession, the plaintiff notified the tenant that he would require $150 per month after May 1, 1906, for that part of the premises occupied by him and for which he had been paying $70 per month. According to the testimony of the plaintiff, the tenant manifested a willingness to pay the same rent and a bonus for a lease for five years, but he would not yield to the terms proposed, and remained in possession. The plaintiff thereupon, and on the 5th day of May, 1906, instituted a summary proceeding in the Municipal Court for the removal of Ettenberg, on the ground that he was holding over after the expiration of his term without the consent of the landlord, on the theory that the term expired on the 1st day of May, 1906. The plaintiff did not give his grantors notice of the claim made by the tenant, or call upon them to furnish evidence to sustain his petition for the removal of the tenant, or offer to let them take charge of said proceeding. The proceeding resulted in a final order dismissing the petition. Ettenberg interposed an answer claiming the right of his wife and himself to posses-

sion under an option for extension of a lease thereof, made on the 15th day of November, 1901, by one Ash, who then owned the premises, to Julius Hammer for a period of three years from the 1st day of May, 1902, by an agreement in writing between Ash and said Julius Hammer made on the 19th day of October, 1903, by which the landlord extended the lease for a period of three years from the 1st day of May, 1905, and alleging that Ash thereafter accepted one R. Ettenberg, the wife of Jacob Ettenberg, against whom the proceeding was instituted, and the latter, as tenants of the premises under said agreement to extend the lease made with the tenant Hammer, and that the tenant Hammer, with the consent of the landlord, assigned his interest under his lease and under the extension agreement to said R. Ettenberg.

Upon the trial of this action the plaintiff proved the final order in the summary proceeding, and the court ruled that it constituted prima facie but not conclusive evidence of the right of the tenant to occupy the premises. The court, however, properly ruled that the defendants were not concluded by that adjudication, and that they were at liberty to show that the tenant's right to possession had terminated. Morette v. Bostwick, 127 App. Div. 701, 111 N. Y. Supp. 1021.

The court submitted to the jury two questions: First, whether the rent reserved in the lease under which the tenant claimed the right to hold over was the fair rental value of the property, instructing the jury that if the lease was outstanding the plaintiff was entitled to recover the difference between the rent reserved which had been received by the plaintiff and the fair rental value; and also the question as to whether there was an outstanding lease under which the tenant had a right to hold over. The jury rendered a verdict in favor of the defendants, and, inasmuch as special questions were not submitted, it cannot be determined from the record upon which theory the verdict is based.

On the question as to whether the rent reserved in the lease was the fair rental value, conflicting evidence was offered, upon which the jury may well have found in favor of the defendants. With respect to the question of the right of the tenant to hold over under an outstanding lease, we are of opinion that it is very doubtful whether the evidence presented a question of fact for the jury on that issue, and, in any event, the verdict is amply sustained by evidence. The tenant concededly had no lease in his own right from the landlord either in writing or resting in parol, which entitled him to possession beyond the month for which he paid rent. His right to hold over is based upon the claim that he or his wife, or both of them, succeeded to the rights of Hammer under the agreement between Ash and Hammer for the extension of Hammer's lease for a period of three years from the 1st day of May, 1905. That agreement, however, did not extend the lease, but merely gave the tenant an option for a renewal conditioned upon the prompt payment of the rent falling due in the meantime, and subject to the tenant's obtaining the consent of any mortgagee or sublessee on or before May 1, 1905. There is no evidence that any of these things were done, or that the tenant exercised the option to renew the lease.

If it appeared that Hammer held over after the expiration of his original lease having the right to exercise the option for this extension, it might be inferred that he had exercised it, or that its exercise had been waived by the landlord. Probst v. Rochester Steam Laundry Co., 171 N. Y. 584, 64 N. E. 504. The record, however, is barren of any evidence of any action by Hammer by holding over, or otherwise, that might be construed into an exercise of the option, and it is likewise barren of any evidence connecting the tenant who was in possession when the defendants conveyed to the plaintiff with Hammer or with Hammer's rights. There was no evidence of an assignment of Hammer's original lease or of his rights under the agreement for an extension to the tenant or tenants in possession at the time of the conveyance to the plaintiff.

The former owner, Ash, was called as a witness for plaintiff, and, on being recalled by defendants, testified that he found Ettenberg in possession prior to May, 1905, "and he, being in the premises, stayed in there from month to month from that time on. He paid the rent to me at the price reserved in this lease, $70 a month, after its expiration." He had testified that "the druggist did not occupy it under the lease at the time I transferred it." The lease to Hammer, which expired May 1, 1905, contained the usual provision that it was not assignable without the consent in writing of the landlord. It is shown that such consent was not given by the landlord. Therefore the prima facie case made by the adjudication in the Municipal Court was fairly outweighed, if not completely disproved.

There were many errors committed upon the trial; but, with one exception, they were induced by the counsel for the plaintiff, and therefore his client cannot complain. The other error which counsel for defendant induced was in receiving evidence that plaintiff, after obtaining title, conveyed the premises, and that his grantee in turn also conveyed them. This evidence was admitted to establish a separate defense that the covenant against incumbrances ran with the land, and that the cause of action, if any, was vested in the grantee of his grantee, the then owner of the premises. The conveyance by plaintiff was made expressly subject to the lease, and therefore the cause of action on the covenant remained in him and did not pass to or inure to the benefit of his grantee or the grantee of the latter. The court after receiving the evidence ignored this alleged defense, and therefore the reception of the evidence did not prejudice the rights of the plaintiff in the final disposition of the case, or concerning the questions which the court submitted to the jury.

The judgment should therefore be affirmed, with costs. All concur.