NEW YORK TITLE AND MORTGAGE COMPANY, Respondent,
*v.* TITLE GUARANTEE AND TRUST COMPANY, Appellant,
Impleaded with GEORGE F. STAINTON, JR., and GERTRUDE
STAINTON, Defendants.

First Department, May 2, 1919.

**Res adjudicata — when party bound by adjudication in former
action as to which he had notice and an opportunity to defend —
pleading — motion to strike out denials and allegations on informa-
tion and belief denied.**

The rule that a party is bound by an adjudication in a former action as to
material facts concerning which he had notice and an opportunity to defend
is only applicable where the ultimate liability of the party thus sought to
be bound is conceded, for the very foundation and essential basis of said
rule is that the party thus bound is liable over to the defendant in said
action.

Hence, where in an action against a trust company and certain individual
defendants to recover moneys advanced by the plaintiff upon repre-
sentations that certain real property was free and clear of incumbrances
save a mortgage thereon held by the defendant trust company, it appears
that said individual defendants misrepresented the facts and by means
of forgery had fraudulently satisfied of record a prior mortgage on the
property, and that the owner thereof brought an action to foreclose the
same, which action this plaintiff defended and notified the defendant
trust company in writing of the circumstances, and requested it to defend,
but said trust company denied the claim of the plaintiff that it was in
any manner responsible for the obtaining of plaintiff's moneys, it was
error for the court to strike out denials by said defendant trust company
upon the ground that thereby defendant was putting in issue either matters
of record or matters which were adjudicated in the said foreclosure action
of which the said defendant had notice and was afforded an opportunity
to defend, and that the matters of which the defendant denies knowledge
or information sufficient to form a belief were adjudicated in said fore-
closure action and became *res adjudicata* as to this defendant which is
estopped from denying the same.

APPEAL by the defendant, Title Guarantee and Trust Com-
pany, from an order of the Supreme Court, made at the New
York Special Term and entered in the office of the clerk of the
county of New York on the 5th day of April, 1918, granting
plaintiff's motion to strike out certain denials and other
matters in appellant's answer,

*Lynn C. Norris* of counsel [*Edward M. Perry*, attorney], for the appellant.

*James R. Deering*, for the respondent.

Merrell, J.:

By the order appealed from the court at Special Term has stricken out certain denials contained in the answer herein, upon the ground that said denials were either of matters of record or were denials of knowledge or information sufficient to form a belief as to the truth of allegations of the complaint, which were presumptively in the knowledge of the defendant or of which it either had actual knowledge or would have had knowledge had it appeared and defended a former action, where plaintiff was defendant, in response to plaintiff's notice to appear and defend the same.

The action is brought by the plaintiff to recover of the defendants moneys advanced by plaintiff upon the representation of one George F. Stainton, Jr., and Gertrude Stainton that certain real property upon which said moneys were advanced to the amount of $13,000 was free and clear of incumbrances, save a mortgage thereon then held by the appellant upon which there was due and unpaid the sum of $8,064.50, and which last-mentioned sum was advanced and paid to said borrowers for the purpose and with the understanding that with said sum said mortgage held by the defendant Title Guarantee and Trust Company should be taken up and discharged.   It is claimed in plaintiff's complaint that the defendant Title Guarantee and Trust Company was a party to and participated in such transaction, and that the said defendant, as a part of the same transaction, assigned to said George F. Stainton its said mortgage receiving of plaintiff's money the said sum of $8,064.50 in consideration of such assignment, and that said George F. Stainton thereafter satisfied of record said mortgage thereby making the mortgage of the plaintiff a first lien upon the real property covered thereby.   It was subsequently learned that the said Stainton had misrepresented the true facts to the plaintiff and that a short time prior to the assignment of the mortgage to the defendant Title Guarantee and Trust Company, upon which said sum of $8,064.50 was unpaid, said Stainton by means of forgery had fraudulently satisfied of

record a prior mortgage on said premises.   Several months after plaintiff had advanced said $13,000, a part of which was used to take up the mortgage of the defendant Title Guarantee and Trust Company, the owner of the prior mortgage, which through the forgery of Stainton had been discharged of record, brought action to foreclose the same.   In the foreclosure action this plaintiff, New York Title and Mortgage Company, was made a party defendant and defended the same.   Immediately after said action was commenced said plaintiff served upon the defendant Title Guarantee and Trust Company a notice in writing fully informing said defendant of the attempted foreclosure of the mortgage which was supposed to have been discharged, advising said defendant that the plaintiff herein would hold the defendant responsible to the extent of plaintiff's moneys used to pay and obtain the discharge of the mortgage upon said premises held by Title Guarantee and Trust Company, and would require the return of so much of the moneys advanced by the plaintiff herein as had gone to take up the mortgage of the said defendant Title Guarantee and Trust Company at the time plaintiff advanced said moneys upon said property, and demanded that this defendant intervene and assist in the defense of said action. The said Title Guarantee and Trust Company refused to participate in said defense and disclaimed liability to respond to the plaintiff herein in case such defense was unsuccessful, and thereafter took no part in the defense of said action. Upon the foreclosure action, the discharge which was executed by Stainton was held to be a forgery and the foreclosure of said prior mortgage was decreed and the premises were sold thereunder.   Thereupon the present action was brought by the New York Title and Mortgage Company to compel the return of the moneys which it had advanced, under the claim that the same were obtained through the false representations of Stainton and the assurance of the defendants that plaintiff by taking up the mortgage of the defendant Title Guarantee and Trust Company and procuring its discharge would have a first mortgage lien upon the real property covered by its mortgage, plaintiff demanding herein, as before stated, that the moneys which were advanced to the defendant should be returned to plaintiff, with interest.   The foregoing is a mere

outline of the rather complicated allegations of fact contained in the complaint.

The defendant Title Guarantee and Trust Company has answered in the action, setting forth several alleged defenses to plaintiff's complaint. The answer also contains denials of knowledge or information sufficient to form a belief as to the truth of many of the allegations in plaintiff's complaint, the proof of which allegations are necessary to plaintiff's success in the action.

The order appealed from has stricken out such denials upon the ground that thereby defendant was putting in issue either matters of record or matters which were adjudicated in the said foreclosure action of which the said defendant had notice and was afforded an opportunity to defend, and that the very matters of which the defendant herein denies knowledge or information sufficient to form a belief were adjudicated in said foreclosure action, and became *res adjudicata* as to this defendant, and that the defendant is estopped from denying the same.

While the courts have gone a long way to hold that a party to an action is estopped from disputing in subsequent litigation any matter adjudicated in a prior litigation to which he was a party or which might have been adjudicated therein, and while some of the cases have gone so far as to hold that a party is bound by an adjudication in a former action as to material facts concerning which he had notice and an opportunity to defend, such extreme rule, I think, has only been held where ultimate liability of the party thus sought to be bound is conceded. (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127; *Prescott* v. *Le Conte*, 83 App. Div. 482; affd., 178 N. Y. 585; *Morette* v. *Bostwick*, 127 App. Div. 701.)

The very foundation and the essential basis of the rule that a party is bound by a judgment rendered in an action of which he has been given notice and an opportunity to defend, is that the party thus bound is liable over to the defendant in said action. Such was the condition in each of the cases last above cited, and such, so far as I know, has been the basis of liability in all other reported decisions. In *Prescott* v. *Le Conte* (*supra*) Mr. Justice Laughlin (at p. 490) said: " The theory of the rule that a party who is liable over and has notice and an opportunity to defend an action is bound

by the judgment is not limited to cases of direct liability or suretyship, or those where the liability is predicated upon the same contract or duty. The rule is based on sound public policy in order that different judicial decisions may not be made on the same state of facts, and to prevent the same questions being litigated over and over in different suits, and it applies *where any privity exists between the parties by which one is liable over to another.* * * * It is not essential that the party who is ultimately liable shall be liable on the same contract or could have been held liable in the former action, or that he shall be directly a party to the transaction by which the person to whom he is liable over becomes obligated; it is sufficient that between him and the party sued, the duty for a violation of which the action is brought rests primarily upon him, and that the material facts have been litigated in the former action of which he had notice and an opportunity to defend."

And in *Morette* v. *Bostwick* (*supra*), Mr. Justice McLaughlin (at p. 703) said: "There is no doubt about the general rule that where one party is obligated to indemnify another against some liability, if the party indemnified gives notice to the indemnitor of the commencement of an action against him to enforce such liability, and gives him a reasonable opportunity to defend the same, then the indemnitor is concluded by the recovery of a judgment against the party indemnified."

In each of the cases of *Oceanic S. N. Co.* v. *Campania T. E.* (144 N. Y. 663, 666); *Harley* v. *Plant* (210 id. 405) and *Dahlstrom* v. *Gemunder* (198 id. 449) principally relied upon to sustain the order appealed from, the party sought to be bound was in some manner liable over, either as surety, indemnitor or in some manner was ultimately liable to the plaintiff.

Here the defendant strenuously denies and contests the claim of the plaintiff that said defendant was in any manner responsible for the obtaining of plaintiff's moneys and disclaims all liability to plaintiff. Such was its position and the reason of its refusal to appear or participate in the defense of the foreclosure action.

The plaintiff advances as a plausible excuse for asking the court at Special Term to strike out said denials, that thereby

plaintiff will be saved the trouble of proving facts which it asserts were established in the foreclosure action. It seems to me there is little force in such position. If the plaintiff is right as to the effect of the judgment in the foreclosure action, and that said judgment as to all matters litigated therein became *res adjudicata* as against the defendant Title Guarantee and Trust Company, and that as the result of such adjudication the said defendant is estopped from denying the facts thus adjudicated, it will be a very simple matter to introduce in evidence the judgment roll in said foreclosure action. At that time the effect of such judgment roll can be properly determined.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, and the denials stricken from the answer reinstated.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and denials stricken from the answer reinstated.