In the Matter of the Estate of NAJEEB KIAMIE, Deceased.

Surrogate's Court, Bronx County, June 29, 1938.

*Glass & Lynch,* for Fouad Kiamie, as executor, etc., petitioner.

*Lewis & Kelsey* [*David E. Hudson* and *Arthur J. Marangelo* of counsel], for the respondent.

HENDERSON, S. This is a discovery proceeding brought by the executor against the Colonial Trust Company seeking the return of the stock of four real estate corporations, other miscellaneous stocks and a certificate of deposit.

The decedent went to Syria on or about June 21, 1933. He died there on November 7, 1933, at which time the respondent admits holding substantially all of the stock alleged in the petition as collateral for a note of the decedent. The collateral was sold on November 15, 1933.

In April of 1934, Marion Kiamie, the widow and the mother of the petitioner, instituted an action in the Supreme Court in which she alleged the execution and delivery to her of an assignment by the decedent of his equity in the stock of the real estate corporations subject to the rights of the respondent. Damages were sought for the alleged unlawful sale of the collateral. After a lengthy trial, the complaint was dismissed.

By agreement of the parties there was a hearing in this court on certain preliminary questions raised by the respondent. They are four in number: (1) Whether the decedent assigned the stock in the real estate corporations to his widow; (2) whether the judgment in the action between the widow and the bank is *res adjudicata:* (3) whether the petitioner is estopped by reason of his conduct with respect to his mother's action; and (4) whether this petitioner should be prevented from prosecuting this proceeding because of laches.

The will, dated November 30, 1932, and the codicil, dated June 20, 1933, provided for a $20,000 trust fund for the widow and the residue in equal shares for the benefit of his seven children.

The assignment was offered in evidence by the respondent, which rests on the presumption of its validity. The petitioner asserts that it is invalid because there was no delivery.

The widow testified that the decedent gave her a sealed envelope before his departure and told her it was his will. She says that she put it away for safe keeping, but did not open it and does not know what the envelope contained. She later gave it to her son, Jamile. Jamile Kiamie and Rose Kiamie, a daughter, say that Jamile opened the envelope in Rose's presence and that it contained the will.

Toward the end of March, 1934, Abraham Wilson, an attorney, was consulted by Fouad Kiamie, the executor, Jamile, Rose and other members of the family, with a view to retaining him to represent the family in their controversy with the bank. Fouad says that his purpose was solely to have Mr. Wilson represent him in his capacity as executor.

Jamile says he learned of the assignment for the first time when he brought a bundle of his father's papers to the attorney and that the attorney found the assignment among the papers and called it to his attention. Rose and Fouad say they did not know of it until April 5, 1934, after the complaint in the widow's action had been prepared, and the widow had been brought to the lawyer's office to verify the complaint.

Jamile and Rose took an active part in the prosecution of the widow's action. In that action the plaintiff's right to sue the bank depended upon the assignment, the validity of which they there asserted. On May 24, 1934, Rose signed an affidavit in which she asserted its validity. Jamile testified he was handling his mother's legal affairs.

Morris E. Serling, an attorney, represented the widow at a conference with the bank in December, 1933. The assignment was then in his possession and had been given to him by a member of the Kiamie family. It was presented at the conference in the presence of Jamile and Rose.

Mr. Wilson says that he discussed the assignment at his conferences with various members of the family and requested that it be brought to him. The assignment was handed to him, not hidden away in a bundle of papers, but separately. His best recollection was that Jamile gave it to him.

The petitioner relies upon Marion, Jamile and Rose Kiamie to establish that this assignment, apparently valid on its face, was not in fact delivered. They are highly interested witnesses. All of them have previously asserted the validity of the assignment. They now deny the validity of the assignment when it is to their pecuniary interest to do so. Part of their testimony is incredible. Part has been contradicted by their former attorneys.

Although the testimony pointing to non-delivery of the assignment to the widow may not be credited, the burden of showing that the assignment was delivered to her is upon the respondent. There is, as yet, no evidence of such delivery, nor of its possession by her during the decedent's lifetime. Its delivery cannot be inferred from the fact that she based her action upon it or that an attorney then representing her had it in his possession some weeks after the decedent's death. The assignment was received in

evidence over the sole objection that its delivery had not been proved. While this paper, executed and acknowledged by the decedent, may be admissible for some purposes, its admission over that objection has no bearing on the question of its delivery. In *Van Rennselaer* v. *Secor* (32 Barb. 469, 472) it was held that the reading in evidence of an executed deed included the question of delivery, but that document was received in evidence without objection. Failing some evidence of delivery, the instrument is ineffective as an assignment of the stock described therein.

After the respondent had answered the Supreme Court action, it received notice from the petitioner that the estate claimed title to the stocks alleged in that action to have been assigned to the plaintiff by the decedent. It thereafter served a formal notice of the pendency of the action upon the petitioner who did nothing to protect the rights of the estate in the action, although he could have been afforded that opportunity by proper application. (Civ. Prac. Act, § 193, subd. 3.) The respondent contends that the petitioner is bound by the judgment therein which adjudicated that the assignment was valid, and is estopped from now asserting that the assignment was never delivered. Such a rule of estoppel is obviously a just expediency towards limiting continuance of litigation and preventing two adjudications of the same issue. I have been unable, however, to find any authority for its extension to the present circumstances. On the contrary, it seems to be limited to those instances where the ultimate liability of the party thus sought to be bound is conceded. (*New York Title & M. Co.* v. *Title Guarantee & Trust Co.*, 187 App. Div. 537, 540.) Although the petitioner remained silent and inactive, the respondent could have prevented further litigation by an application for equitable relief by way of a bill in the nature of an interpleader. (*Swedish Match Co.* v. *Bankers Trust Co.*, 239 App. Div. 467.) There is no evidence before me upon which the doctrine of equitable estoppel can be based. It does not appear that the respondent changed its position or was misled or acted to its detriment, by reason of the petitioner's conduct. It was not ignorant that the petitioner claimed, in some manner, as estate property the stocks allegedly assigned to the decedent's widow. The conduct of the petitioner was not inconsistent with his present claim. His inactivity may have been caused by a desire to have his own day in court if his mother was unsuccessful in her action, but that alone is insufficient to work an equitable estoppel.

Although the petitioner might have instituted this proceeding soon after his appointment in 1934, or during the pendency of the action which terminated by judgment on July 16, 1936, I do not

find any justification for barring this proceeding, commenced in July, 1937, on the ground of his laches.

The preliminary questions are resolved in favor of the petitioner and the preliminary motion to dismiss the petition is denied.

Settle order and proceed with the hearing.