George T. Vandermeulen, J.
On August 3, 1953, one Alvin Linderman, a volunteer fireman, while driving his automobile on a public highway in response to a fire alarm, struck and thereby injured one Carol P. Crosswell, an infant about 10 years of age. Thereafter an action was started by Carol M. Crosswell, the guardian ad litem for said infant, and Carol M. Crosswell, individually, against Alvin Linderman and the Olcott Fire Company, Inc. and the Town of Newfane, to recover damages sustained by the plaintiffs in that action through such injuries. It was alleged in the complaint in that action that the injuries to the infant plaintiff had been caused solely through the negligent operation of the automobile by Alvin Linderman, who was at the time of the accident operating said automobile either in the discharge of his duties as a volunteer fireman of the Olcott Fire Company, Inc. (organized for the purpose of affording fire protection within the town of Newfane), or in pursuit of his own personal business.
Linderman was at the time of the accident the named insured in a policy of insurance issued by Merchants Mutual Casualty Co. wherein the latter company had, for a valuable consideration, agreed among other things to pay on behalf of “ the insured ’ ’ all sums, not exceeding $20,000 with interest and costs, which “ the insured shall become legally obligated to pay ” as damages because of personal injury to any person caused by Linderman's automobile; and had also agreed to defend ‘" the insured ’ ’ against any suit alleging such injuries. The word " insured ” was defined in this policy as the named insured (Linderman) and " any person or organization legally responsible for the use of the automobile provided the actual use of the automobile is by the named insured ”.
At the time of the accident, the Olcott Fire Company, Inc. and the Town of Newfane were insured against liability by the Travelers Insurance Company by a policy in which that company agreed, among other things, to pay the liability to which its insureds might be subjected " over any other valid and collectible insurance available to the insured ” arising out of *165 the use of a passenger type automobile not owned by said insured.
When the Crosswell action was started against the three defendants named therein, the defendant Linderman answered through attorneys retained by the Merchants Mutual Casualty Co. His answer admitted that “ a collision occurred between the infant plaintiff and an automobile bearing New York license #LP29-34 operated by defendant, Alvin Linderman, in discharge of his duties as a volunteer fireman. ’ ’ He denied negligent operation of the automobile, and set forth in his answer an affirmative defense. The Merchants Mutual Casualty Co. refused to assume the defense of the Crosswell action on behalf of the defendants therein, the Olcott Fire Company, Inc. and the Town of Newfane which defendants thereupon interposed answers through attorneys retained by the Travelers Insurance Company.
At the trial of the Crosswell action the court determined that Linderman was at the time of the accident operating his automobile in the performance of his duties as a volunteer fireman; that the injured infant was free from contributory negligence; that Linderman was not guilty of “wilful negligence” and was therefore exempted from liability under the provisions of section 205-b of the General Municipal Law. The complaint as to willful negligence was dismissed. Linderman, however, was found guilty of ordinary negligence which caused the plaintiff’s injuries. On the basis of these factual determinations, the judgment was rendered against the two defendants therein, the Olcott Fire Company, Inc. and the Town of Newfane, for $21,000 damages and $344.34 costs, or a total of $21,344.34.
No appeal was taken by the fire company or the town from the judgment rendered against them in the Crosswell action.
The town and the fire company before paying the Crosswell judgments started this action against the two defendant insurance companies for a determination of the respective obligations of the defendants to pay the Crosswell judgments. After service of answers by the defendants, the plaintiffs made the present motion for summary judgment. Each of the defendants also moved to dismiss the complaint on the ground that it failed to allege facts sufficient to constitute a cause of action.
The motions to dismiss the complaint are denied.
The defendant, the Merchants Mutual Casualty Co. raises the question as to the plaintiffs’ moving papers being insufficient since the affidavits are made by the attorney for the plaintiffs. However, most of the facts he states are from his personal knowledge inasmuch as he personally conducted all-proceedings *166 on behalf of the plaintiffs. (See 5 Carmody-Wait on New York Practice, p. 148.)
It becomes incumbent on the court under rule 113 of the Rules of Civil Practice to grant summary judgment unless the defendants show facts sufficient to entitle them to a trial of the issues. The answering affidavits submitted on behalf of the Travelers Insurance Company do not raise any triable issues of fact requiring a trial. Its position here as disclosed by its affidavits and briefs is that it is liable under the policy which it issued to the plaintiffs for the excess of the Crosswell judgment ‘ ‘ over any other valid and collectible insurance available to ” the plaintiffs. For all practical purposes the position of Travelers Insurance Company in this action is that the plaintiffs are entitled to the relief they seek but that as between the defendants, Merchants Mutual Casualty Co. should be required to pay the Crosswell judgment to the extent of $20,000 (its policy limit) plus interest and costs, and the Travelers Insurance Company should be required to pay only the remaining balance of the Crosswell judgment.
The Merchants Mutual Casualty Co. claims there is an issue of fact whether the town and fire company are “ insureds.” Whether the town and fire company were “ insureds ” under the policy depends upon firstly, whether the automobile was being used by Linderman, which the Merchants Mutual Casualty Co. admits in its answering affidavit; secondly, whether the town and fire company are legally responsible for the acts of Linderman, the operator of the automobile. The latter is a question of law.
The Merchants Mutual Casualty Co. also contends that the judgment in the negligence action did not determine Merchants Mutual Casualty Co.’s liability under the policy. This is true, but the judgment did determine that the town and fire company were legally responsible for the negligent operation of the automobile by Linderman and was one of the factors under the policy in determining whether the town and fire company were insured. An examination of the Merchants Mutual Casualty Co.’s policy shows that the word “ insured ” as used therein includes any person legally responsible for the use of the automobile provided the actual use of the automobile is by the named insured Linderman. The question as to whether or not the plaintiffs were legally responsible for the use or operation of the automobile by Linderman has been answered by the judgment in the Crosswell actions.
The defendant, Merchants Mutual Casualty Co. also contends that the judgment is not binding upon it because it was not a *167 party to the Crosswell action. It is not disputed that the Merchants Mutual Casualty Co. was notified of the pending Crosswell action and given an opportunity to defend on behalf of the plaintiffs in this action. But judicial adjudications are binding also on persons who are “ liable over ” to the parties, who have had an opportunity to defend the action for the parties. (New York Title & Mtge. Co. v. Title Guarantee & Trust Co., 187 App. Div. 537.) In the last-cited case, the court quoted (p. 541) with approval the following language from the decision in the case of Morette v. Bostwick (127 App. Div. 701): “ There is no doubt about the general rule that where one party is obligated to indemnify another against some liability, if the party indemnified gives notice to the indemnitor of the commencement of an action against him to enforce such liability, and gives him a reasonable opportunity to defend the same, then the indemnitor is concluded by the recovery of a judgment against the party indemnified.” (See, also, Liberty Bank of Buffalo v. Fidelity & Deposit Co., 241 App. Div. 597; Hartford Acc. & Ind. Co. v. First Nat. Bank & Trust Co., 281 N. Y. 162.)
The recent case of Catania v. Hartford Acc. & Ind. Co. (4 A D 2d 440) establishes that under similar circumstances the insurance company was not only required to assume defense of the action but was also required to pay any judgment which the injured party might recover. In that case it appeared that the defendant insurance company had issued a policy of automobile liability insurance to one Schiro, as named insured, insuring him and “ any person or organization legally responsible for the use ” of Schiro’s automobile “ provided the actual use of the automobile is by the named insured.” Schiro while driving his automobile had a collision in which his own wife was injured. The injured wife of the named insured then brought an action against her husband’s employer (the plaintiff Catania) to recover damages sustained through the alleged negligent operation of the automobile by her husband. Pending that action the employer Catania (who was the defendant in the wife’s action for personal injuries) sought a determination as to whether he was protected by Schiro’s insurance policy. The Appellate Division held that the defendant was required to treat the plaintiff as its insured to the extent of assuming the defense of the pending negligence action against the plaintiff and to the extent of paying any judgment which the wife recovered against the plaintiff in that action.
The defendant, Merchants Mutual Casualty Co. argues that from a practical point of view, the Travelers should pay the Crosswell judgment, relieve the town and fire company from *168 their present predicament and, then if it wishes, litigate with the Merchants Mutual Casualty Co. the ultimate problem of who should pay and how much.
If the Merchants Casualty Co. had instead of refusing to defend the plaintiffs against the Crosswell action, applied to the court for a determination of its obligation to the town and fire company, the Catania decision would be authority for a decision requiring Merchants Mutual Casualty Co. to assume its obligation under its policy to defend the town and fire company and to pay the judgment recovered by the Crosswells. If such decision can determine “ liability over ” in advance of the judgment in favor of the injured party, I can see no reason for denying an adjudication of the insurance company’s liability to the town and fire company after such liability has been established by judgment. It is my opinion that the Merchants Mutual Casualty Co. was a person which could under the terms of its policy be liable over to the plaintiffs herein if the Crosswells established the cause of action alleged in their complaint, and that it was therefore a person bound and concluded by the determinations made in the Crosswell action, of which it had due notice and an opportunity to defend.
Briefly I find and determine that the plaintiffs in this action were legally responsible for the negligent operation of the Linderman automobile and such determination is binding upon the Merchants Mutual Casualty Co., the plaintiffs being insured under the Merchants Mutual Casualty Co.’s policy, and as such insureds, the plaintiffs are entitled to indemnity from the Merchants Mutual Casualty Co. by reason of the Crosswell judgment.
Since proof has been submitted pending the decision of this motion that the Town of Newfane has actually paid the Cross-well judgment in full, summary judgment is hereby granted in favor of the Town of Newfane and against both defendants as follows:
Merchants Mutual Casualty Co. for $20,000 (its policy limit) plus costs' of $344.34, or a total of $20,344.34, with interest thereon from May 8, 1957, the date of entry of the Crosswell judgment; Travelers Insurance Company for $1,000, with interest therefrom from May 8, 1957.
Submit order.