Christopher C. McGrath, S,
In this discovery proceeding, the Court of Appeals (Matter of Kiamie, 309 N. Y. 325) on November 23, 1955 declared invalid a public sale of decedent’s pledged securities consisting of the stocks of four small realty corporations because the published notice of sale was defective in its description of the property. The only references or descriptions as to the stocks in the notice were the number of shares, the names of the corporations and the state of their incorporation.
The pledge agreement authorized the pledgee upon default to sell the pledged securities “ at public or private sale * * * without demand, advertisement or notice ”.
In holding the sale invalid the court stated (Matter of Kiamie, supra, pp. 330-331) that “A pledgee’s duty adequately to advertise his sale is not imposed by any statute but by £ the general maxims of equity ’ which govern pledges * * * Obviously, the mere listing of a certain number of shares of an unknown corporation falls far short of compliance with these requirements. * * * we find it impossible to announce detailed rules applicable to every such notice of sale. But the notice at the least must contain enough information to alert investors and *900 to invite competition”. The Court of Appeals thereupon remitted the proceedings to this court “to be proceeded upon according to law.”
Thereafter and prior to the commencement of the hearings before this court, the detailed rules which the Court of Appeals found impossible to announce were enacted by the Legislature on April 25, 1957 and are now contained in sections 202 and 202-a of the Lien Law. These statutes (Lien Law) now provide that in the absence of agreement and unless otherwise prescribed by statute, the notice describing the security “ shall consist of a statement of the name of the issuer or obligor, the state of incorporation or organization of the issuer or obligor, the amount and class of the security and the address of the issuer or obligor last known to the lienor ” (§ 202) or “substantially similar” (§ 202-a) description. Section 202-a further provides that “ Nothing in this section or in section two hundred two shall be construed to invalidate any sale * * * made in accordance with the provisions of an applicable agreement.”
The pledgee, the Colonial Trust Company, now contends that section 202-a applies retroactively and validates the pledgee’s sale of the decedent’s stock, which, the bank asserts, was made pursuant to the terms of an applicable agreement and pursuant to a descriptive notice of sale substantially similar to that set forth in section 202.
Accordingly, the bank makes this motion in the alternative for judgment on the pleadings under rule 112 of the Buies of Civil Practice or for summary judgment under rule 113 of the Buies of Civil Practice.
An examination of section 202-a of the Lien Law does not make it clear whether or not the legislation applies to sales made or agreements existing prior to its enactment. The precise declaration of retroactivity is not embodied in the statute. In deciding this motion, the court feels that it is unnecessary to indulge in the mechanical presumptions as to legislative intent. “ Nice distinctions are often necessary (Jacobus v. Colgate, 217 N. Y. 235). The word ‘ remedy ’ itself conceals at times an ambiguity, since changes of the form are often closely bound up with changes of the substance (Jacobus v. Colgate, supra, at p. 244; Isola v. Weber, 147 N. Y. 329). The problem does not permit us to ignore gradations of importance and other differences of degree. In the end, it is in considerations of good sense and justice that the solution must be found”. (Matter of Berkovitz v. Arbib & Houlberg, 230 N. Y. 261, 271.)
*901 This proceeding was begun in the year 1934. There has been a determination of preliminary issues by the Surrogate (Matter of Kiamie, 168 Misc. 260) and an appeal from the intermediate order determining such issues, and an affirmance of such order (258 App. Div. 784, reargument denied 258 App. Div. 866). A motion for judgment on the pleadings was made and denied (41 N. Y. S. 2d 61). A trial of the issue of the propriety of the sale was held before the late Surrogate Heudebsok and the bank’s contention was upheld (191 Misc. 179). An appeal was thereafter taken to the Appellate Division and a motion was made to exclude an exhibit from the record on appeal and was granted by Surrogate Potts (116 N. Y. S. 2d 179). The Appellate Division thereafter affirmed Surrogate Heet>ebso:n"’s determination that the pledgee’s sale was valid (283 App. Div. 941). A motion for leave to appeal to the Court of Appeals or for reargument was denied (284 App. Div. 845). The motion for leave to appeal to the Court of Appeals was granted (308 N. Y. 1049). The Court of Appeals thereafter in 1955 reversed Surrogate Hbudebsou (309 N. Y. 325) and invalidated the sale.
A victory so dearly won should not be destroyed except by a clear expression of legislative purpose. “ Here, just as in the Shielcrawt case [294 N. Y. 180], we find no legislative command that we must harshly burden — indeed, sweep away— long and costly litigation that was permissible and proper when begun” (Coane v. American Distilling Co., 298 N. Y. 197, 205). The operation of the statute will therefore not be extended to this litigation.
As to the notice of sale itself, the court is in accord with the petitioner’s contention that the descriptive notice of the pledgee, the contents of which are set forth in the opinion of the Court of Appeals (Matter of Kiamie, 309 N. Y. 325, 330, supra), does not substantially conform to the requirements of section 202 of the Lien Law.
Even if the bank’s contention as to the applicability of the statute is correct, this court doubts that any pledge agreement relating to the notice of sale would have any legal force where the notice fails to conform to the requirements of the statute. The duty of the pledgee adequately to advertise would continue to be governed by ‘ ‘ the general maxims of equity. ’ ’
Accordingly, the motion is denied.
Settle order.